IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RYCO CONSTRUCTION CO. | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 01-151C<br>(Judge Hewitt) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

JOINT STIPULATION FOR ENTRY OF JUDGMENT

For the purpose of disposing of plaintiff's claims, without any further judicial proceedings, and without there being any trial on the merits or adjudication of any issue of fact or law, and without constituting an admission of liability on the part of either party, and for no other purpose, the parties stipulate and agree as follows:

1. On August 26, 1996, the Forest Service, United States Department of Agriculture, awarded Ryco Construction Co., Inc., ("Ryco"), Contract No. 50-9A14-6-1G009. The contract required various storm damage repairs at numerous sites on and adjacent to roads located in the Los Padres National Forest, Santa Barbara, California. The total contract price, including modifications, was $629,532.32. The total contract performance period, including modifications, was 208 calendar days.

2. Ryco submitted a certified claim to the Government on November 19, 1999, seeking delay damages. Plaintiff subsequently submitted to the Government several revisions to this claim. By

letter dated March 13, 2001, the contracting officer issued a final decision denying Ryco's claim.

3. On March 16, 2001, plaintiff filed its complaint in the United States Court of Federal Claims.

4. Plaintiff has offered to settle each and all of its claims in this case, and any other claims not yet asserted, arising out of the contract or arising out of actions taken by the Government in performance of, or in connection to, the contract, in exchange for payment by the United States of $110,000, plus interest, with each party to bear its own costs, expenses, and attorney fees.

5. Plaintiff's offer has been accepted upon behalf of the Attorney General.

6. The United States consents to entry of judgment against the United States in favor of plaintiff as set forth in paragraph 4 above. Interest shall be computed pursuant to the rates provided in the Contract Disputes Act, 41 U.S.C. § 611, commencing from November 19, 1999, the date plaintiff originally submitted its certified claim to the Government.

7. Upon entry of judgment, plaintiff releases, waives, and abandons all claims against the United States, its political sub-divisions, its officers, agents, and employees, arising out of or related to the contract or otherwise involved in this case, regardless of whether they were included in the complaint,

including, but not limited to, all claims for costs, expenses, attorney fees, compensatory damages, and exemplary damages.

8. This stipulation is in no way related to or concerned with income or other taxes for which plaintiff is now liable or may become liable in the future as a result of this stipulation or as a result of entry of a final judgment.

9. Plaintiff warrants and represents that no other action or suit with respect to the claims advanced in this suit or the contract at issue in this case are pending or will be filed in or submitted to any other court, administrative agency, or legislative body. Plaintiff further warrants and represents that it has made no assignment or transfer of all or any part of its rights arising out of or relating to the claims advanced or the contract at issue in this suit. Should there be now or in the future any violation of these warranties and representations, any amount paid by the United States pursuant to this stipulation or pursuant to any judgment entered pursuant to this stipulation shall be refunded promptly by plaintiff, together with interest thereon at the rates provided in 41 U.S.C. § 611, computed from the date the United States makes such payment.

10. This stipulation is for the purposes of settling this case and permitting entry of final judgment, and for no other. Accordingly, this stipulation shall not bind the parties, nor shall it be cited or otherwise referred to, in any proceedings,

whether judicial or administrative in nature, in which the parties or counsel for the parties have or may acquire an interest, except as is necessary to effect the terms of this stipulation.

11. Paul M. Mahoney, Esq., Jones, Mahoney, Brayton & Soll, represents that he has been and is authorized to enter into this stipulation upon behalf of plaintiff.

12. This document constitutes a complete integration of the stipulation between the parties and supercedes any and all prior oral or written representations, understandings or agreements among or between them.

Respectfully submitted,

s/ Paul M. Mahoney
PAUL M. MAHONEY
Jones, Mahoney, Brayton
& Soll
150 West First Street
Suite 280
Claremont, CA 91711
Tele: (909) 399-9977
Fax: (909) 399-5959

Counsel for Plaintiff

Dated: JANUARY 21, 2004

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Todd M. Hughes
TODD M. HUGHES
Assistant Director
Authorized Representative
of the Attorney General

s/ David B. Stinson
DAVID B. STINSON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street
Washington, D.C. 20530
Tele: (202) 307-0163
Fax: (202) 515-8624

Attorneys for Defendant

OF COUNSEL:

ELIN DUGAN
Office of the General Counsel
Department of Agriculture
San Francisco, CA

Dated: JANUARY 22, 2004

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 22nd day of JANUARY 2004, I caused to be sent via Federal Express for next day delivery copies of "JOINT STIPULATION FOR ENTRY OF JUDGMENT" addressed as follows:

PAUL M. MAHONEY
Jones, Mahoney, Brayton & Soll
150 West First Street, Suite 280
Claremont, California 91711

s/ David B. Stinson